## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ALFRED TYRONE SLAUGHTER, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | CASE 2:14-MC-2050-KOB |
| v. | ] | |
| | ] | |
| LVNV FUNDING, LLC, et al., | ] | |
| | ] | |
| Defendants. | ] | |

## <u>MEMORANDUM OPINION</u>

Before the court is a motion to withdraw the reference (doc. 1) filed by defendant LVNV Funding, LLC, on October 24, 2014. For the reasons discussed below, the court will deny the motion.

## BACKGROUND

Plaintiff Alfred Slaughter filed a petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Alabama. (Doc. 1-1 at 1). LVNV filed four proofs of claim in the case, asserting a total debt of $1902.66 owed by Slaughter. (Doc. 1-6 at 1-2). Slaughter responded by initiating an adversary proceeding against LVNV[1] in the bankruptcy court on September 16, 2014, alleging that LVNV violated the Fair Debt Collection Practices Act (FDCPA) by filing proofs of claim concerning debts that are time-barred. (Doc. 1-4). LVNV now moves this court to withdraw the reference of the adversary proceeding and to relieve the bankruptcy court of jurisdiction pursuant to 28 U.S.C. § 157(d).

---

[1] Slaughter also named Susan Gaines, an individual claims processor for LVNV, as a defendant in the adversary proceeding. Gaines has not taken part in the motion to withdraw the reference.

**DISCUSSION**

District courts possess "original and exclusive jurisdiction of all cases under title 11," the Bankruptcy Code, 28 U.S.C. § 1334(a) (2012). District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they arise under Title 11, arise in Title 11, or relate to a case under Title 11. 28 U.S.C. § 157(a) (2012). This court has entered such a general order of reference. *See Bank United v. Manley*, 273 B.R. 229, 234 n.10 (N.D. Ala. 2001).

The reference that applies to this Chapter 13 case, however, is not absolute, because 28 U.S.C. § 157(d) provides for its withdrawal under limited circumstances, either as a mandatory matter or as a permissive matter. The district court is required to withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Some courts, citing the statute's plain language, have held that withdrawal is required if any consideration of a non-Title 11 federal law is necessary to a resolution of the dispute. *See, e.g.*, *In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). Most courts, however, including all district courts within the Eleventh Circuit that have considered the issue, have found that "'withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law.'" *Birgans v. Magnolia Auto Sales*, No. 12-3830-S-NE, 2012 WL 6000339, *2 (N.D. Ala. Nov. 30, 2012) (quoting *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996)); *Abrahams v. Phil-Con Services, LLC*, No. 10–0326–WS–N, 2010 WL 4875581, *2 (S.D. Ala. Nov. 23, 2010)[2].  Under this approach, for withdrawal to be warranted,

---

[2]The *Abrahams* opinion cites the following cases from courts within the Eleventh Circuit that have similarly construed "substantial and material consideration": *Bank United Financial Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010); *In re Security Bank Corp.*, Case No. 09-52409, 2010 WL 2464966 at *3 (M.D. Ga. 2010); *In re Tousa, Inc.*, Case No.  2010 WL 1644456 at *2-3 (S.D. Fla. 2010); *In re Pearlman*, Case No. 08-81-22, 2008 WL 786809 at *1 (M.D. Fla. 2008); *Holmes v.*

"'the issues in question [must] require more than the mere application of well-settled or "hornbook" non-bankruptcy law; significant interpretation of the non-Code statute must be required.'" *Abrahms*, 2010 WL 4875581 at *2 (quoting *Vicars*, 96 F.3d at 953).

This court, in line with the other courts in this circuit, will follow the latter approach. The FDCPA is undisputedly a non-Title 11 federal law impacting interstate commerce, particularly when the use of an "instrumentality of interstate commerce" is a definitional requirement for regulation under the statute, 15 U.S.C. § 1692a(6) (2012). Whether withdrawal is required, then, turns on whether substantial and material consideration of the FDCPA will be necessary to the resolution of the dispute.

Slaughter points to the Eleventh Circuit's recent holding in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014); he argues from it that the court's inquiry will not require substantial and material consideration of the FDCPA because the Eleventh Circuit has decided the issue. In *Crawford*, the Eleventh Circuit held that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA. *Id.* at 1256. LVNV was there sued over the exact same conduct as in this case - - filing a proof of claim for a time-barred debt. In *Crawford*, LVNV moved to dismiss the adversary proceeding, asserting that the FDCPA does not forbid its alleged conduct. The bankruptcy and district courts agreed with LVNV, but the Eleventh Circuit reversed and remanded. The Court unequivocally held that "[t]he FDCPA's broad language, our precedent, and the record compel the conclusion that defendants' conduct violated a number of the Act's protective provisions." *Id.* at 1257.

---

*Grubman*, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004); *In re Hvide Marine, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000); *In re TPI International Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998).

LVNV presents two rebuttal arguments attempting to prove that, even in light of *Crawford*, substantial and material consideration of the FDCPA is required to resolve Slaughter's claims. First, LVNV asserts that "the issue before the Eleventh Circuit [in *Crawford*] was the sufficiency of the pleadings under a Rule 12(b)(6) motion, and not the ultimate merits of the case." (Doc. 6 at 4-7). According to LVNV, because the appellate opinion in *Crawford* was not a final determination on the merits, and the Eleventh Circuit purposefully left unresolved initial issues for the district court, *Crawford* cannot be relied upon for a withdrawal analysis under the FDCPA.

LVNV underestimates the guidance provided by *Crawford*. The Eleventh Circuit expressly held in *Crawford* that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA.  *Id.* at 1256. The procedural posture in that case does not negate it as binding authority. A Rule 12(b)(6) motion presents a proper vehicle for the resolution of a question of law. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate . . . ."). While **factual** issues remained in *Crawford* and warranted a remand of the action for further proceedings (instead of remand for an entry of judgment), this posture in no way detracts from the precedential value of the Eleventh Circuit's resolution of the underlying **legal** issues and does not relieve this court from being bound by that analysis. Therefore, this court finds that LVNV's first argument, that *Crawford* cannot sufficiently guide this court's analysis to the same conclusion, is unavailing.

LVNV's second argument likewise fails; LVNV argues that "the Crawford opinion produced disparities between the Bankruptcy Code and the FDCPA[,] and such disparities are 'complicated interpretive issues[] of first impression,'" which require "substantial and material" consideration of

the FDCPA (doc. 6 at 6-7).  Granted, LVNV is correct that the Eleventh Circuit delicately side-stepped a rather important issue in *Crawford*: "Whether the [Bankruptcy] Code 'preempts' the FDCPA when creditors misbehave in bankruptcy." *Crawford*, 758 F.3d at 1262 n.7.  However, that issue has not been raised here, except to the extent LVNV argues that whether the Bankruptcy Code "preempts" the FDCPA is an "*example* of a 'complicated interpretive issue [] of first impression.'" (Doc. 6 at 6-7) (emphasis added).  In fact, LVNV explicitly states the matter is ***not*** before the court: "By presenting *Patrick*,[3] Plaintiff is in essence asking this court to rule on a matter not presently before it."  (Doc. 6 at 8).

The court is aware that at least one circuit has held that the Bankruptcy Code broadly precludes remedies under the FDCPA for actions taken in bankruptcy. S*ee Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002).  And another court has held that the Bankruptcy Code precludes remedies under the FDCPA for wrongfully filed proofs of claim.  *See Simmons v. Roundup Funding, LLC.*, 622 F.3d 93, 96 (2nd Cir. 2010).  However, the court finds that the parties have not raised the preclusion issue at this juncture.  Moreover, any analysis of the interplay between the Bankruptcy Code and the FDCPA will undoubtedly require a close look at the Bankruptcy Code, which makes

 the bankruptcy court best situated to undertake that analysis, if and when a party raises the issue.

---

[3]LVNV refers to *Patrick v. PYOD, LLC*, 2014 U.S. Dist. Lexis 116092 (S.D. Ind. 2014), which Slaughter cited in response to LVNV's assertion that

> [LVNV] mischaracterizes the Crawford Court's treatment of the underlying matter when it states that "Crawford was remanded back to the district court" due to "several disparities between the Bankruptcy Code and the FDCPA." ... In essence, the purported "disparities" between the FDCPA and the Bankruptcy Code are not implicated unless a debt collector like the Defendant undertakes the voluntary filing of a proof of claim. *See Patrick* ..."

(Doc. 3 at 6).

As such, the court finds that mandatory withdrawal is not warranted at this time.

The second type of withdrawal contemplated by §157(d) is permissive withdrawal.  When determining whether adequate cause exits to withdraw a case from bankruptcy court, a district court should consider: "(1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process."  *In re Childs*, 342 B.R. 823, 827 (Bankr. M.D. Ala. 2006). Additionally, the court should consider: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay."  *In re Childs*, 324 B.R. at 827.

While LVNV argues that Plaintiff's FDCPA claim is non-core, the court is not persuaded. Plaintiff's FDCPA claim is asserted in response to LVNV's filing proofs of claim in his bankruptcy case, and would not exist but for those claims.  The instant case is readily distinguishable from *In re Shortsleeve*, 349 B.R. 297 (M.D. Ala. 2006), on which LVNV relies.  The claims in that case arose *after* the debtor's bankruptcy was discharged, and not during the pendency of the bankruptcy proceedings, and therefore, could not "conceivably have an effect on the estate being administered in bankruptcy." *Id*. at 300 (quoting *Miller v. Kemira, Inc.*, (*In re Lemco Gypsum, Inc,*), 910 F.2d 784 (11th Cir. 1990)).  If the plaintiff succeeds on his FDCPA claims in the instant case and receives a money judgment, the judgment will become an asset of the estate.  *See In re Peed*, No. 09-15486, 2014 WL 2987637 (Bankr. S.D. Ala. July 1, 2014). Thus, the court finds that the adversary proceeding is inextricably related to Plaintiff's bankruptcy.

Given the court's determination that the FDCPA claim is inextricably related to the bankruptcy proceeding, two additional factors guide the court's determination that withdrawal of the bankruptcy reference at this point would not promote the economical use of the parties' resources,

6

facilitate the bankruptcy process, or be an efficient use of judicial resources.  First, LVNV is in the process of filing a petition for certiorari to the United States Supreme Court on the *Crawford* decision. Presumably, LVNV will file motions to stay the proceedings in all of its pending cases with the same underlying issues awaiting a decision by the Supreme Court, as it has done in the *Crawford* case in the Middle District.  *See Crawford*, No. 12-AP-3033-DHW (M.D. AL.), docs. 38, 42 (LVNV's motion to stay and the court's order granting the same).  Second, a putative class action exists in the United States District Court for the Southern District of Alabama, which claims to represent a class defined as all consumers in the United States who filed Chapter 13 bankruptcy in which LVNV filed one or more proofs of claim for a debt that was barred by the statute of limitations. *Brock v. Resurgent Capital Services, LP*, *and LVNV Funding, LLC*, Case No. 1:14-cv-00324-WS-M (S.D. AL.).  LVNV has already filed numerous motions to stay in the bankruptcy courts across this state until the class is certified, and plaintiffs have an opportunity to opt out of the *Brock* Class Action.  Given the numerous filings throughout the Alabama bankruptcy courts, in cases with identical claims, the court finds that leaving the bankruptcy reference in place will advance the uniformity in bankruptcy administration, decrease confusion, promote the economical use of the parties' resources, and facilitate the bankruptcy process.

## CONCLUSION

For the reasons stated above, LVNV's motion to withdraw the reference is due to be DENIED without prejudice.

The court contemporaneously will enter an appropriate order.

DONE and ORDERED this 12th day of February, 2015.


KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE